T: A. WILLIAMS V. THE STATE.

No. 9690.   Delivered December 16, 1925.

**Wife and Child Desertion—Evidence Held Insufficient.**

Where, on a trial for wife and child desertion, there was no evidence introduced as to the ages of any of appellant's six children, whom he was charged with deserting, and under Art. 606 P. C. 1925, we have no choice but to order a reversal of the judgment.

Appeal from the County Court at Law No. 1 of Tarrant County.   Tried below before the Hon. P. W. Seward, Judge.

Appeal from a conviction of wife and child desertion, penalty one year in the county jail.

The opinion states the case.

*Mays & Mays,* Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is wife and child desertion; punishment fixed at confinement in the county jail for one year.

By information, appellant was charged with the desertion of his wife, Lula Williams, and his children, Bessie, Florence, Roy, Woodrow, Edwin and Jewell, all of said children charged to have been under the age of sixteen years.

Only the second count was submitted to the jury.

The testimony of the wife and the appellant is in such conflict as presents an issue of fact touching a wilful desertion and non-support of the children.   From her testimony, it appears that she had some separate resources, and that she and the children had earned money.   The record is silent, however, touching the ages of the children.

The statute upon which the prosecution is based denounces as an offense a wilful desertion by the parent or the refusal of maintenance of his children under the age of sixteen years who are in destitute circumstances.   In the present case, it is essential to the conviction that there be proof showing the ages of the children; at least that they were under sixteen years of age.   Art. 602, P. C., 1925.   The statement of facts, agreed to by the attorneys and certified by the trial judge, shows that no

evidence upon this subject was introduced. In this state of the record, we have no choice but to order a reversal of the judgment, which is accordingly done.

*Reversed and remanded.*